**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4761**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JOSE SANTOS GONZALEZ-VILLATORO, a/k/a Jose Santos Gonzalez,
a/k/a Jose Lorenzo Gonzales, a/k/a Jose Gonzales, a/k/a
Jose DeLapaz Gonzales, a/k/a Jose Santo Gonzales-Villatoro,
a/k/a Jose Santos Gonzales, a/k/a XX Jose, a/k/a Jose
Morenzo Gonzales,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:10-cr-00087-JCC-1)

Submitted:  February 14, 2011          Decided:  March 17, 2011

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Francis H.
Pratt, Joshua M. Paulson, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant.  Neil H. MacBride, United
States Attorney, Kondi J. Kleinman, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Santos Gonzalez-Villatoro appeals the twenty-four-month sentence imposed following his guilty plea to illegal reentry after an aggravated felony. On appeal, he contends that the sentence imposed by the district court was rendered procedurally unreasonable by the court's failure to adequately explain its chosen sentence. We vacate and remand for further proceedings.

Gonzalez-Villatoro's presentence investigation report ("PSR") determined that the Guidelines range was twenty-four to thirty months. At his sentencing hearing, neither party objected, and the court adopted the PSR's findings. The court then heard argument from the parties regarding the appropriate sentence. Counsel for Gonzalez-Villatoro argued for a below-Guidelines sentence based upon (1) the unreasonable double-counting effect of a prior conviction being used to increase Gonzalez-Villatoro's criminal history points as well as his offense level; (2) his positive employment history; and (3) his pending deportation.

The court stated that it believed the Guidelines calculation to be accurate and understood the advisory nature of the Guidelines as well as its authority to depart or vary downward. After hearing from Gonzalez-Villatoro, the court sentenced him to twenty-four months, noting that "[t]he reason

2

for the Court's sentence is it reflects the nature and circumstance, the seriousness of the offense, reflects the history and characteristics of the defendant, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, avoids unwarranted sentence disparities."

When, as here, a defendant properly preserves a claim of sentencing error in the district court, we review the sentence imposed under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). We must begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume reasonable a sentence imposed within the properly

calculated Guidelines range.  United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'"  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50).  Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence, showing that it has a reasoned basis for its decision and has considered the parties' arguments.  Id.  A sentencing court need not, however, "robotically tick through" otherwise irrelevant subsections of § 3553(a).  See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  When, as here, the district court imposes a within-Guidelines sentence, the district court may "provide a less extensive, while still individualized, explanation."  United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010).  That explanation, however, must be sufficient to allow for "meaningful appellate review" such that we need "not guess at the district court's rationale."  Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

We conclude that the district court abused its discretion in sentencing Gonzalez-Villatoro.  While counsel for

Gonzalez-Villatoro made specific references to § 3553(a) factors in support of his request for a below-Guidelines, the district court neither addressed these arguments nor explained its reasons for the chosen sentence. Although it listed several § 3553(a) factors, the district court did not articulate an individualized assessment of the factors and could have made the same recitation during any sentencing hearing. See Carter, 564 F.3d at 329 (finding error where "[t]he district court's asserted 'reasons' could apply to *any* sentence, regardless of the offense, the defendant's personal background, or the defendant's criminal history").

We will reverse this type of preserved error unless we find that the error was harmless. Lynn, 592 F.3d at 576. "To avoid reversal for non-constitution, non-structural errors like [the one presented here], the party defending the ruling below (here, the Government) bears the burden of demonstrating that the error was harmless, i.e. that it did not have a substantial and injurious effect on the result." Id. at 585 (internal quotation marks omitted). The Government does not argue in its brief that the error was harmless, and the record does not conclusively show that "explicit consideration of [Gonzalez-Villatoro's] arguments would not have affected the sentence imposed." Id.

Accordingly, we vacate Gonzalez-Villatoro's sentence and remand for the district court to properly address Gonzalez-Villatoro's arguments for a lower sentence and provide individualized reasoning for the sentence imposed.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Of course, by this disposition, we indicate no opinion as to whether the twenty-four month sentence was substantively reasonable.